**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald M. Shooter, | No. CV-19-01671-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| State of Arizona, et al., | |
| Defendants. | |

On June 5, 2019, the Court heard oral argument on Defendants' motions to dismiss. (Doc. 28.) During oral argument, the Court asked counsel for Plaintiff Donald M Shooter ("Shooter") to identify the best case (from Shooter's perspective) establishing that the underlying expulsion proceedings were unconstitutional. In response, Shooter's counsel declined to identify any such case and instead asked the Court to consider "the facts" alleged in the complaint. Two days later, the Court issued an order concluding, *inter alia*, that the individual Defendants were entitled to qualified immunity with respect to Shooter's § 1983 claim. (Doc. 29.) The exchange with Shooter's counsel during oral argument formed part of the basis for the Court's order. (*Id.* at 11.)

Shooter has now appealed to the Ninth Circuit. On July 1, 2019, Shooter filed a notice informing Defendants "that no transcript will be ordered." (Doc. 32.) On July 11, 2019, Defendants filed a response stating that Shooter hadn't consulted with them before filing his notice and that they consider the June 5, 2019 oral argument transcript to be necessary to the appeal. (Doc. 37.) Finally, on July 12, 2019, Shooter filed a notice

arguing that "[w]hat was said at oral argument is not relevant in any way" and asking the Court to determine whether the transcript is necessary for appellate purposes. (Doc. 38.)

Shooter's request is governed by Ninth Circuit Rule 10-3.1(f), which provides that "[i]f appellee notifies appellant that additional portions of the transcript are required . . . appellant shall make arrangements with the court reporter to pay for these additional portions unless appellant certifies that they are unnecessary to the appeal and explains why not. If such a certificate is filed in the district court, with copies to the court reporter and this Court, *the district court shall determine which party shall pay for which portions of the transcript.*" *Id.* (italics added).

Here, the Court concludes that the transcript of the June 5, 2019 oral argument is necessary to the appeal. As noted, the Court relied on Shooter's counsel's statements and concessions during oral argument in its order granting the motions to dismiss. It follows that the transcript of the hearing in which those statements and concessions were made would be necessary for appellate purposes. *Cf. BNSF Ry. Co. v. Flies Away*, 2007 WL 926912, *1 (D. Ariz. 2007) (concluding that particular transcript was necessary for appeal, even though it did not contain any "witness testimony or findings of fact," because "legal arguments made by counsel and resolved by the Court at this hearing are relevant on appeal" and "[t]he transcript is also relevant to set forth specific arguments made by counsel on which the Court relied in making its decisions"). Moreover, it is well settled that an appellate court may consider statements and concessions made by a party during the district court proceedings when deciding how to resolve that party's appeal. *See, e.g., Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1239-40 (10th Cir. 2005) ("A litigant is not entitled to disavow a claim before one court only to spring it on his opponent at the next stage of the proceedings.").

…

…

…

…

Accordingly, **IT IS ORDERED** that the transcript of the June 5, 2019 oral argument is "necessary to the appeal" and Shooter must therefore pay the transcript-preparation costs.

Dated this 15th day of July, 2019.

Dominic W. Lanza
United States District Judge